OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Office of Disciplinary Counsel et al. v. Rubright.
[Cite as Disciplinary Counsel v. Rubright (1994),
Ohio St.3d      .]
Attorneys at law -- Misconduct -- Permanent disbarment --
Conduct involving dishonesty or misrepresentation -- Conduct
adversely reflecting on fitness to practice law -- Neglect of
an entrusted legal matter -- False statement of fact -- Failure
to cooperate in disciplinary investigation.
     (No. 93-2101 -- Submitted January 26, 1994 -- Decided
April 20, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-16.
     On February 12, 1992, relator, Office of Disciplinary
Counsel, filed a two-count complaint charging misconduct
against respondent,  Mark Timothy Rubright of St. Petersburg,
Florida, Attorney Registration No. 0018870.  The complaint was
amended on April 13, 1992 to include six additional counts, and
relator, Toledo Bar Association, joined the proceedings.  A
second amended complaint charging two more counts of misconduct
was filed on July 23, 1992.  Respondent was served with the
complaint and all amendments, but did not answer.
     A hearing was held on June 18, 1992 before a panel of the
Board of Commissioners on Grievances and Discipline of the
Supreme Court ("board").  Respondent was served notice of the
hearing, but did not attend.
     The panel decided to consider only the first eight counts
on June 18 because the Toledo Bar Association had asked for a
continuance to further amend the complaint with the last two
counts.  Disciplinary Counsel moved for a default judgment on
the first eight counts, but submitted affidavits concerning
only counts one through five and count seven.  Disciplinary
Counsel promised to provide affidavits regarding counts six and
eight when they became available.  After the hearing, the
complaint was amended the second time and the panel received
further affidavits to support counts eight through ten, plus an
additional motion for default from the Toledo Bar Association.
No evidence was submitted as to count six, and it was dismissed.
     The evidence submitted to support count one of the

complaint, as amended, established that respondent was given a $100 retainer to represent Roseanna Romick in early 1991 to secure the release of a lien on some real estate. After repeated efforts to contact respondent regarding the status of her case, Romick learned that he had moved to Florida and had not performed any legal services.

The evidence submitted to support count two established that Disciplinary Counsel made numerous unsuccessful attempts to secure a response to the allegations of misconduct against respondent. On August 12, 1991, Disciplinary Counsel sent a letter of inquiry to respondent's Toledo office, but received no response. Respondent received Disciplinary Counsel's next two certified letters at his St. Petersburg, Florida office, but still failed to answer the allegations. In November 1991, respondent indicated by telephone that he would respond to the allegations on December 2. When no response came, Disciplinary Counsel subpoenaed him for a deposition. Respondent did not appear on the scheduled date. Respondent never did reply to the allegations of his misconduct.

The evidence submitted to support count three established that respondent was retained in September 1986 to represent Charlotte Hillard in a divorce action. He told Hillard that he had filed divorce papers, but he had not done so. In 1988, respondent notified Hillard that the case had been filed in February of that year but that it had been dismissed for failure to pay a publication fee. Hillard paid respondent for the publication fee in January 1989, but the case was again dismissed with no explanation from respondent.

The evidence submitted to support count four established that respondent was paid $120 by Bunny Bundy in November 1990 to file a Chapter 7 bankruptcy petition. In January 1991, Bundy contacted respondent because a creditor had called. Respondent advised that he had not received Bundy's $120, and she paid him another $120 to file the case. Thereafter, respondent represented that he had filed the case. However, when Bundy checked with the bankruptcy court, she discovered that no case had been filed.

The evidence submitted to support count five established that respondent was retained by Goldia Pratt to represent her in collecting delinquent rents and to update her corporate minute books. Pratt paid respondent a $300 retainer, $32 in court costs to file a collection proceeding against a former tenant, and an additional amount for court costs to evict a current tenant. From August 1990 to April 1991 respondent claimed that he had filed for the eviction and that various court dates had been set. On May 21, 1991, Pratt learned from the Toledo Municipal Court that no action had been filed. Respondent ultimately recovered a default judgment against one of Pratt's tenants and claimed to be garnishing the tenant's wages; however, Pratt never received any of the judgment. Moreover, respondent failed to update Pratt's minute books.

The evidence submitted to support count seven established that respondent was retained by Brenda Dabrowski in June 1991 to file for a temporary custody order. Respondent was paid to perform this service, but did not file for the custody order and failed to advise Dabrowski that he was moving to Florida.

The evidence submitted to support count eight established

that respondent was the attorney of record for four estates for which he failed to timely file inventory and accounting records and that he was issued citations by the Lucas County Probate Court. Respondent was also the attorney of record for three guardianships for which he failed to take timely action or file proper documents; he was cited accordingly.

The evidence submitted to support count nine established that respondent agreed to represent Tonya Ray Burkey to help recover for the personal injury and property damage she suffered in an accident. Respondent informed Burkey that he had settled her case for $12,000, but then he moved to Florida without telling her. When Burkey finally located him, respondent sent her a $3,000 check and release and promised to forward the rest of her settlement share within weeks. The check for $3,000 was returned by the bank due to insufficient funds. When Burkey asked for an explanation, respondent represented that the insurance check had been lost and that payment had been stopped by the insurance company. The panel found that Burkey never received payment.

The evidence submitted to support count ten established that respondent agreed to represent Ulah Mims in a personal injury and property damage case. A lawsuit was filed on June 29, 1990, but was dismissed on June 26, 1991. Respondent then moved to Florida without notifying Mims and, in December 1991, he sent her a release indicating that she would receive a settlement for $17,500. The defendant's insurance company, however, had never made a settlement proposal.

The panel found that respondent's conduct violated DR 1-102(A)(4) (conduct involving dishonesty or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 6-101(A)(3) (neglect of an entrusted legal matter), 7-102(A)(5) (false statement of fact), and Gov. Bar V(5)(a) (now Gov. Bar R. V[4][G]) (failure to cooperate in a disciplinary investigation). Having found these violations, the panel accepted relators' recommendation that respondent be permanently disbarred. The board adopted the panel's findings and recommendation.

Geoffrey Stern, Disciplinary Counsel, and Dianna L. Chesley, Assistant Disciplinary Counsel, for relator.
Paul C. Giha, for relator Toledo Bar Association.

Per Curiam. We concur in the findings and recommendation of the board. Accordingly, respondent is hereby ordered permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.